943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harvey J. BEAUCHAMP, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1064.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from denial of the plaintiff's application for social security disability benefits. Following a hearing, the ALJ found that the plaintiff has a back condition that prevents his return to his former employment as a machine operator at a heavy equipment manufacturing company. The ALJ also found that the plaintiff possesses transferable skills, that he is able to perform light work involving no heavy or repetitive lifting, and that such jobs exist in significant numbers.
 
 
 2
 The Appeals Council denied review. The plaintiff then brought this action in the district court, which issued an opinion granting the Secretary's motion for summary judgment. The district court concluded that the ALJ's finding that the plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. Referring to both the medical evidence and the testimony of a vocational expert, the district court also found that the ALJ's determinations that the plaintiff is capable of performing light work, and that such jobs exist in significant numbers in the national economy, are supported by substantial evidence.
 
 
 3
 On appeal, the plaintiff concedes that the record "fully support[s] the fact that Plaintiff can do some sedentary work and some limited types of light work activity as found by Defendant." Appellant's Brief, p. 12. The only issue on appeal is whether the Secretary carried his burden of proving that the plaintiff has "skills transferable to other jobs that exist in significant numbers." Id. at 11.
 
 
 4
 The crux of the plaintiff's argument is that the testimony of the vocational expert, upon which the ALJ based the disputed findings, is contrary to the Dictionary of Occupational Titles (D.O.T.). According to the plaintiff, the vocational expert classified his past work as a "machinist," whereas he actually had worked as a production machine operator. Once having mis-classified the plaintiff's past work, he argues, the vocational expert assumed that the plaintiff possessed a higher level of skills than was true, and incorrectly determined the issue of transferability of skills.
 
 
 5
 The Secretary responds that the ALJ did not erroneously rely on vocational testimony and that the regulations do not require reliance on the D.O.T. rather than upon testimony of a vocational expert. The regulation relied upon by the plaintiff, 20 C.F.R. § 404.1566(d), requires the Secretary to take administrative notice of job data contained in the D.O.T. and other government publications in relation to unskilled, sedentary, light and medium jobs. The regulation does not apply to skilled and semiskilled work. On the other hand, 20 C.F.R. 404.1566(e) permits the use of a vocational expert in determining disability on the basis of whether "work skills can be used in other work and the specific occupations in which they can be used...." In addition, the Secretary asserts that substantial evidence supports the conclusion that the plaintiff has relevant past work experience as a machinist.
 
 
 6
 Upon consideration of the administrative record together with the briefs of the parties, oral argument having been waived, we agree with the Secretary's position. There is ample evidence in the record to support the vocational expert's classification of the plaintiff's past work as that of a machinist. The expert relied on the plaintiff's actual job experience and the actual job market in finding that a significant number of jobs exist to which he could transfer his skills. Because the plaintiff could not perform a full range of light work, the Secretary could not rely on the "grid" to satisfy his burden. We have held that in such a case the Secretary may carry his burden by using a vocational expert. Maziarz v. Secretary, 837 F.2d 240, 246 (6th Cir.1987). We find the vocational expert's testimony sufficient in this case.
 
 
 7
 The judgment of the district court is affirmed.